IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD STANLEY, JR.,

    Plaintiff,

vs.                                     No. 20-cv-236 JCH-GBW

GEO GROUP, INC., et al

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Donald Stanley's failure to file an amended complaint as directed. Plaintiff is incarcerated and proceeding *pro se.* In his original complaint, Plaintiff alleged prison officials failed to protect him from attack. *See* Doc. 1 at 1. The issues began in March of 2017, when he was incarcerated at the Lea County Correctional Facility (LCCF). *See* Doc. 1-1 at 4. The original complaint alleges that inmate Chris Hernandez attacked Plaintiff while Plaintiff was "induced on medication" in his bunk. *Id.* at 4-5. Security purportedly failed to discipline Hernandez, who was paroled after 30 days. *Id.* About two months later, inmates Kriessel and Landins allegedly "jumped and sucker punched" Plaintiff in the Day-Room. *See* Doc. 1-1 at 4, 11-12. Plaintiff alleges that LCCF security was aware of the verbal abuse before this attack, but he does not identify any members of the security team. *Id.* at 18. At least one grievance was forwarded to Captain Richardson, who stated security could "lock [Plaintiff] up," *i.e.,* place him in protective segregation. *Id.* at 12. It appears Plaintiff declined, and on January 8, 2018, his new cellmate (Stinneth) attacked Plaintiff in his bunk. *Id.* at 4, 10. According to the original complaint, LCCF "security encourages gang activity by siding with perpetrators and punishing victims," and that the attacks occurred "with security's awareness and/or carelessness." *Id.* at 5, 11. On February 6, 2018, Plaintiff was transferred to the Northeast New Mexico Detention Facility (NNMDF), where he currently resides. *Id.* at 5.

The Court liberally construed the original complaint to raise claims under the Eighth Amendment, the Equal Protection Clause, and the New Mexico Tort Claims Act, N.M.S.A. 41-1-1, *et. seq.* (TCA). *See* Doc. 1-1 at 3. Plaintiff sought $750,000 in damages from Defendants GEO, LCCF Warden Santasaben; LCCF Warden Smith; and the New Mexico Corrections Department (NMDC). *Id.* at 1, 7.

By a Memorandum Opinion and Order entered March 25, 2021, the Court screened the original complaint and determined it fails to state a cognizable claim. (Doc. 9) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Specifically, Plaintiff failed to show any named Defendant was aware of, and disregarded, a serious of risk of harm for purposes of the Eighth Amendment. *See Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (setting out the standard for alleging an Eighth Amendment deliberate indifference claim). As to the equal protection claim, the original complaint failed to describe how Plaintiff was treated differently from others or allege any Defendant acted with discriminatory intent. *See A.M. v. Holmes*, 830 F.3d 1123, 1167 (10th Cir. 2016) (setting out the standards for an equal protection class-of-one claim). The Screening Ruling further observed that NMDC "is not a person subject to suit under § 1983." *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999). While GEO and the wardens can be liable under § 1983, the original complaint failed to allege those Defendants "promulgated … or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm." *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (addressing prison supervisors). *See also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to corporate defendants).

The Screening Ruling also rejected Plaintiff's failure-to-protect claim under the TCA, N.M.S.A. § 41-4-6. New Mexico law dictates that plaintiffs can only recover where state officials knew or should have known about a danger to the entire prison population. *See Callaway v. New*

Mexico Dep't of Corr., 875 P.2d 393 (N.M. App. 1994). A plaintiff cannot prevail where the attacker(s) posed a risk of harm to a single inmate. *Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). The original complaint failed to allege facts demonstrating the inmate-assailants posed a risk to the general population at LCCF. As in *Archibeque*, the Complaint reflects the inmate-assailants were associates who targeted a single inmate - Plaintiff - for unknown reasons. *See* Doc. 1-1 at 4-5, 11 (suggesting Kriessel and Landins, who perpetrated the December 2017, were friends with Stinneth, who attacked Plaintiff in January 2018). Accordingly, the Court dismissed the original complaint pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days. Plaintiff was warned that the failure to timely file an amended complaint will result in the dismissal of this case with prejudice. The deadline to comply was April 24, 2021. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling. The Court will therefore dismiss this action, including the Civil Tort Complaint filed January 29, 2020 (Doc. 1-1), with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff Donald Stanley Jr.'s Civil Tort Complaint filed January 29, 2020 (**Doc. 1-1**) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Court will enter a separate judgment closing the civil case.

SENIOR UNITED STATES DISTRICT JUDGE