IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD STANLEY, JR.,

    Plaintiff,

vs.                                                            No. 20-cv-236 JCH-GBW

GEO GROUP, INC., *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Donald's Stanley's Motion to Vacate Memorandum Opinion and Order (Doc. 12); Motion to Accept Timely (Doc. 13); and supplements thereto (Docs. 14-16) (together, the "Motion to Reconsider"). Plaintiff is *pro se* and incarcerated. He seeks reconsideration of the ruling requiring an amendment to his civil rights complaint without directly addressing the final dismissal ruling. Because Plaintiff failed to establish grounds to set aside either ruling, the Court will deny the Motion to Reconsider.

## BACKGROUND

In his original complaint, Plaintiff alleged prison officials failed to protect him from attack. *See* Doc. 1-1 at 1. The issues began in March of 2017, when he was incarcerated at the Lea County Correctional Facility (LCCF). *See* Doc. 1-1 at 4. The original complaint alleges that inmate Chris Hernandez attacked Plaintiff while Plaintiff was "induced on medication" in his bunk. *Id.* at 4-5. Security purportedly failed to discipline Hernandez, who was paroled after 30 days. *Id.* About two months later, inmates Kriessel and Landins allegedly "jumped and sucker punched" Plaintiff in the Day-Room. *See* Doc. 1-1 at 4, 11-12. Plaintiff alleges LCCF security

was aware of the verbal abuse before this attack, but the original complaint does not identify any members of the security team. *Id.* at 18. At least one grievance was forwarded to Captain Richardson, who stated security could "lock [Plaintiff] up," *i.e.,* place him in protective segregation. *Id.* at 12. It appears Plaintiff declined, and on January 8, 2018, his new cellmate (Stinneth) attacked Plaintiff in his bunk. *Id.* at 4, 10. According to the original complaint, LCCF "security encourages gang activity by siding with perpetrators and punishing victims," and the attacks occurred "with security's awareness and/or carelessness." *Id.* at 5, 11. On February 6, 2018, Plaintiff was transferred to the Northeast New Mexico Detention Facility (NNMDF), where he currently resides. *Id.* at 5.

The original complaint raises claims under the Eighth Amendment, the Equal Protection Clause, and the New Mexico Tort Claims Act, N.M.S.A. 41-1-1, *et. seq.* (TCA). *See* Doc. 1-1 at 3. Plaintiff sought $750,000 in damages from Defendants GEO, LCCF Warden Santastaben; LCCF Warden Smith; and the New Mexico Corrections Department (NMCD). *Id.* at 1, 7. Plaintiff filed the original complaint in state court, and GEO removed it on March 16, 2020. *See* Doc. 1. Plaintiff then filed a motion to strike the removal, which the Court construed as a request for remand. *See* Doc. 5.

By a Memorandum Opinion and Order entered March 25, 2021, the Court declined to remand this matter; screened the original complaint; and determined the allegations fail to state a cognizable claim. (Doc. 9) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Specifically, Plaintiff failed to show any named Defendant was aware of, and disregarded, a serious of risk of harm for purposes of the Eighth Amendment. *See Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (setting out the standard for alleging

2

an Eighth Amendment deliberate indifference claim). As to the equal protection claim, the original complaint failed to describe how Plaintiff was treated differently from others or allege any Defendant acted with discriminatory intent. *See A.M. v. Holmes*, 830 F.3d 1123, 1167 (10th Cir. 2016). The Screening Ruling further observed that NMCD "is not a person subject to suit under § 1983." *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999). While GEO and the wardens can be liable under § 1983, the original complaint failed to allege those Defendants "promulgated … or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm." *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (addressing prison supervisors). *See also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to corporate defendants).

The Screening Ruling also rejected Plaintiff's failure-to-protect claim under the TCA, N.M.S.A. § 41-4-6. New Mexico law dictates that plaintiffs can only recover where state officials knew or should have known about a danger to the entire prison population. *See Callaway v. New Mexico Dep't of Corr.*, 875 P.2d 393 (N.M. App. 1994). A plaintiff cannot prevail where the attacker(s) posed a risk of harm to a single inmate. *See Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). The original complaint failed to allege facts demonstrating the inmate-assailants posed a risk to the general population at LCCF. As in *Archibeque*, the Complaint reflects the inmate-assailants were associates who targeted a single inmate - Plaintiff - for unknown reasons. *See* Doc. 1-1 at 4-5, 11 (suggesting Kriessel and Landins, who perpetrated the December 2017, were friends with Stinneth, who attacked Plaintiff in January 2018). Accordingly, the Court dismissed the original complaint pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* invited Plaintiff to file an amended complaint curing the above deficiencies. Plaintiff was warned that the failure to timely file an amended complaint will result in the dismissal of this case with prejudice. The deadline to comply was April 24, 2021. Plaintiff did not amend his pleading or initially respond to the Screening Ruling. On May 11, 2021, the Court dismissed this action, including the Civil Tort Complaint filed January 29, 2020 (Doc. 1-1), with prejudice pursuant to 28 U.S.C. § 1915A. *See* Doc. 10 (Dismissal Ruling). Plaintiff filed the initial Motion to Reconsider six days later, on May 17, 2021. *See* Doc. 12. He seeks to set aside the Screening Ruling, rather than the Dismissal Ruling. Thereafter, Plaintiff filed a Motion to Accept the Motion to Reconsider as Timely and three supplemental filings. *See* Docs. 13-16. The Court will consider each argument below.

## DISCUSSION

The Motion to Reconsider and supplements thereto were all filed within twenty-eight days after entry of the final judgment. Motions filed within this timeframe are generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for relief under Rule 59 include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Said differently, "a [Rule 59] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Where a post-judgment motion is filed within the timeframe for Fed. R. Civ. P. 59 but

raises a ground for relief under Fed. R. Civ. P. 60(b), courts also analyze the relevant argument(s) under that rule. *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (Whether a motion for reconsideration should be considered a motion under Rule 59 or 60 is not only a question of timing; it also "depends on the reasons expressed by the movant."). As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. See Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Regardless of the applicable rule, courts have discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997).

Construed liberally, the Motion to Reconsider here appears to raise arguments under Rule 59 and Rule 60. The Court will therefore apply both standards to determine whether Plaintiff is entitled to relief. His arguments are primarily directed at the Screening Ruling; he asks the Court to vacate the ruling entered "on or about March 25, 2021." Doc. 12 at 5. Plaintiff contends:

(a) The removal of this case to Federal Court violated his rights, and the Court improperly denied his request for remand.

(b) NMCD failed to respond to the original complaint despite proper service, and GEO failed to deny any allegations.

(c) The original complaint alleged a claim for deliberate indifference to safety because the "actions of GEO's security personnel" show the attacks occurred under their command; the

5

attacks caused danger and "long term effects[;]" and no disciplinary actions were taken against the perpetrators.

(d) The Screening Ruling amounts to tyranny, treason, obstruction of justice, favoritism, prejudice, and contempt.

*See* Doc. 12 at 2-5.

These arguments are either frivolous or rehash matters considered and rejected in the Screening Ruling. As previously explained, the original complaint is removable because it raises federal claims under the U.S. Constitution. *See* Doc. 9 at 4-5 (citing Doc. 1-1 at 3). NMCD and GEO did not initially respond because original complaint is subject to *sua sponte* screening under 28 U.S.C. § 1915A. *See* Doc. 3. The original allegations failed to satisfy the subjective standard of the deliberate indifference test, and the supplementary allegations in the Motion to Reconsider do not change the analysis. Accordingly, there are no grounds to reconsider the Screening Ruling.

The Motion to Reconsider does not contain an explicit request to set aside the Dismissal Ruling. Plaintiff may implicitly seek that relief, as he argues the dismissal should have been without prejudice for failure to exhaust state remedies.[1] *See* Doc. 12 at 4. He also asks the Court to accept his Motion to Reconsider as timely. *See* Doc. 13. To the extent these arguments are directed at excusable neglect or mistake based on Plaintiff's failure to timely to file an amendment, no relief is available. The determination of whether mistake or neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the part''s omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts

---

[1] Exhaustion of a state remedies is required in habeas cases, not civil rights claims. Assuming Plaintiff refers to exhaustion of administrative remedies, such issue was not raised and had no impact on the dismissal of this case.

consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.*  "[F]ault in the delay remains a very important factor … in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir.2004) (quotations omitted).  "A court may [also] take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)" and whether plaintiff can state a meritorious claim.  *Id.*

Considering these factors, Plaintiff has not shown excusable neglect.  Plaintiff admits he received the Screening Ruling on March 29, 2021, four days after its entry.  *See* Docs. 12, 16.  The Court waited more than six weeks before dismissing the case on May 11, 2021.  Plaintiff was on lockdown for two weeks and had limited library access during the remaining four weeks.  The Tenth Circuit has repeatedly found that a prisoner's inability to access his facility's law library did not constitute good cause or excusable neglect.  *See Wallin v. Arapahoe Cty. Det. Facility*, 244 Fed.Appx. 214, 218 (10th Cir. 2007) (unpublished); *Segura v. Workman*, 351 Fed. App'x 296, 298–99 (10th Cir. 2009) (rejecting excusable neglect argument based on lack of legal access); *Makin v. Dep't of Corr.*, 13 F.3d 406 (10th Cir. 1993) ("inability to access a law library" does not "constitute excusable neglect").  This is particularly true where, as here, the Screening Ruling set out the relevant pleading standards, and Plaintiff has not indicated what research he needed to amend his complaint.  Similarly, the Motion to Reconsider contains no allegation that Plaintiff was unable to file a motion for extension during the six-week period between entry of the Screening Ruling and Dismissal Ruling.

An additional factor weighing against reconsideration is that Plaintiff severed contact with

the Court in violation of D.N.M. LR-Civ. 83.6. He is no longer incarcerated at his address of record (Northeast New Mexico Detention Facility). *See* https://search.cd.nm.gov; D.N.M. LR-Civ. 83.6 (pro se parties have a continuing duty to advise the Clerk of their current address). Granting the Motion to Reconsider and setting a new deadline to amend would functionally afford no relief, unless the Court also endeavored to *sua sponte* search for Plaintiff's new facility. For all of these reasons, Plaintiff has failed to establish grounds for reconsideration under Rules 59(e) or 60(b). The Court will deny the Motion to Reconsider and supplements thereto.

**IT IS ORDERED** that Plaintiff's Motion to Vacate Memorandum Opinion and Order (**Doc. 12**) and Motion to Accept Timely Filed (**Doc. 13**) are **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE